IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM BURNETT, SR., Individually
and as Anticipated Personal Representative
of the ESTATE OF SARAH BURNETT, Deceased;
TAMMIE DEBO; and WILLIAM BURNETT, JR.                            PLAINTIFFS

V.                         CASE NO. 3:20-CV-3046

AMERICAN INTERNATIONAL INDUSTRIES,
Individually and as Successor to PINAUD, INC.,
BARBARA ALICE, INC., ED. PINAUD, INC. d/b/a ED.
PINAUD, and NESTLE-LE MUR COMPANY, all for
the CLUBMAN line of products; BARRETTS MINERALS,
INC.; BRENNTAG SPECIALTIES, INC. f/k/a MINERAL
PIGMENT SOLUTIONS, INC., Individually and
as Anticipated Personal Representative of WHITTAKER,
CLARK & DANIELS, INC.; SPECIALTY MINERALS, INC.,
Individually and as a Subsidiary of MINERALS
TECHNOLOGIES, INC.; and WHITTAKER,
CLARK & DANIELS, INC.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are two ripe motions. The first is Defendant American International Industries' ("American") Motion to Dismiss for Failure to State a Claim (Doc. 22). Defendant Whittaker, Clark & Daniels, Inc. ("WCD") filed a Response in Support of American's Motion to Dismiss (Doc. 34), in which it asked to join the Motion. Plaintiffs then filed a Response in Opposition (Doc. 35) to both American's Motion and WCD's request to join. The second motion before the Court is Plaintiffs' Request for Leave to Amend the Complaint (Doc. 31) for the purpose of identifying William Burnett, Sr., as Personal Representative of the Estate of Sarah Burnett.

The Court held a Case Management Hearing today and heard oral argument on the pending motions. Following oral argument, the Court ruled from the bench, **GRANTING** the Motion to Dismiss (Doc. 22) and **GRANTING IN PART AND DENYING IN PART** the Request for Leave to Amend the Complaint (Doc. 31). The following Opinion clarifies the bases for the Court's decisions. To the extent anything in this Order differs from the Court's rulings from the bench, this Order shall control.

## I. BACKGROUND

Sarah Burnett worked as a hairdresser from 1964 to 2018, first working in Illinois and later in Arkansas, beginning in 1985. This work involved styling wigs with Clubman talcum powder, which Plaintiffs allege exposed Ms. Burnett to talc containing asbestos, leading to Ms. Burnett's diagnosis of mesothelioma, an asbestos-related lung cancer. Plaintiffs' Complaint (Doc. 2) alleges that American manufactured the Clubman talcum powder at issue, after which Barretts Minerals, Inc., Specialty Minerals, Inc., and WCD acted as suppliers of the talcum powder, with Brenntag Specialties, Inc. later acting as successor-in-interest to WCD. Ms. Burnett died from mesothelioma on June 23, 2018. Her surviving spouse, William Burnett, Sr., as well as her surviving children, Tammie Debo and William Burnett, Jr., instituted this action against Defendants on July 9, 2020. Plaintiffs allege several claims against Defendants, namely negligence; strict liability; inadequate design, formulation, and manufacture; breach of implied warranty; the tort of willful and wanton conduct; failure to warn; and fraud. Plaintiffs also seek punitive damages stemming from Defendants' conduct, but the Complaint is unclear as to whether Plaintiffs are seeking punitive damages as a separate cause of action or merely as a remedy.

As previously noted, WCD filed a Response in Support (Doc. 34) of American's Motion in which it asked to join all of American's arguments in favor of dismissal. WCD previously filed an Answer (Doc. 9), so the Court construes WCD's Response as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (construing a motion to dismiss as a 12(c) motion for judgment on the pleadings where the party had previously filed an answer). Motions for judgment on the pleadings under Rule 12(c) are governed by the same legal standard that applies to motions to dismiss under Rule 12(b)(6). *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'

Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Additionally, when dealing with claims involving fraud, Rule 9(b) sets a heightened pleading standard, requiring the plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). "Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Olin v. Dakota Access*, LLC, 910 F.3d 1072, 1075 (8th Cir. 2018) (quoting *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)). The Eighth Circuit has also held pleadings alleging fraud "insufficient under Rule 9(b) where defendants were 'left to guess' who was 'responsible for the alleged fraud.'" *Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997)).

### III. DISCUSSION

American and WCD move to dismiss Plaintiffs' claims for willful and wanton conduct (Count V), punitive damages (Count VIII), and fraud (Count VII). The Court will address each cause of action in turn, beginning with willful and wanton conduct.

Plaintiffs have alleged willful and wanton conduct as an independent cause of action; however, this is not a recognized tort in Arkansas. The Court understands that willful and wanton conduct may sometimes comprise an element of a standalone tort,

such as the tort of outrage, but outrage has not be pleaded in the Complaint. Therefore, the claim for willful and wanton conduct (Count V) is **DISMISSED WITHOUT PREJUDICE**.

Next, Plaintiffs have alleged punitive damages seemingly as both a remedy and as a separate cause of action. *See* Doc. 2, pp. 37–39 (discussing the basis for punitive damages as a remedy and also offering punitive damages as an independent cause of action). Arkansas does not recognize punitive damages as a standalone claim. *Bergan v. Ocwen Fin. Corp.*, 2018 WL 9986722, at *3 (E.D. Ark. Nov. 1, 2018) ("Punitive damages are not a separate cause of action in Arkansas . . . ."). Plaintiffs acknowledge this in their briefing. *See* Doc. 35, p. 8. Therefore, Count VIII, to the extent it asserts a cause of action for punitive damages, is **DISMISSED**. All facts supporting the remedy of punitive damages may remain in the Complaint, as the Motion to Dismiss does not suggest this remedy is legally unavailable, considering the claims pleaded.

Moving on to the request for the dismissal of Plaintiffs' fraud claim, as noted above, Rule 9 requires a heightened pleading standard for fraud. Fed. R. Civ. P. 9(b). Further, the Eighth Circuit requires specified pleading as to each defendant's participation in the alleged fraud, including facts concerning the timing of the fraud, the actors involved in the fraud, and the manner in which the fraud was carried out. *Olin*, 910 F.3d at 1075; *Summerhill*, 637 F.3d at 880; *Trooien*, 608 F.3d at 1030. Plaintiffs' fraud allegations do not identify which facts apply to each Defendant or explain each Defendant's role in the fraud. (Doc. 2, pp. 25–37). For instance, Plaintiffs use phrases such as "Defendants are liable for" and "Defendants knew or should have known" in pleading their fraud claim, and they fail to mention facts identifying "who, what, when, where, and how" the fraud was

committed by each defendant. *Summerhill*, 637 F.3d at 880. Accordingly, the Court finds that "[D]efendants were 'left to guess' who was 'responsible for the alleged fraud.'" *Trooien*, 608 F.3d at 1030. For these reasons, the cause of action for fraud (Count VII) is **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant American International Industries' Motion to Dismiss for Failure to State a Claim (Doc. 22), to which Defendant Whittaker, Clark & Daniels, Inc. has joined, is **GRANTED**, and Counts V, VII, and VIII of the Complaint are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Leave to Amend the Complaint (Doc. 31) is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiffs are not granted leave to file the proposed amended complaint that is attached to the Motion; instead, Plaintiffs may file an amended complaint **within 14 days** that conforms to the rulings of this Court with respect to the dismissal of certain claims and also substitutes William Burnett, Sr., as Personal Representative of the Estate of Sarah Burnett.

A Case Management Order will issue separately.

**IT IS SO ORDERED** on this 26th day of October, 2020.

      _____
      TIMOTHY L. BROOKS
      UNITED STATES DISTRICT JUDGE