**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**WILLIAM BURNETT, SR., Individually
and as Anticipated Personal Representative
of the ESTATE OF SARAH BURNETT, Deceased;
TAMMIE DEBO; and WILLIAM BURNETT, JR.**                    **PLAINTIFFS**

**V.**                    **CASE NO. 3:20-CV-3046**

**AMERICAN INTERNATIONAL INDUSTRIES,
Individually and as Successor to PINAUD, INC.,
BARBARA ALICE, INC., ED. PINAUD, INC. d/b/a ED.
PINAUD, and NESTLE-LE MUR COMPANY, all for
the CLUBMAN line of products; BARRETTS MINERALS,
INC.; BRENNTAG SPECIALTIES, INC. f/k/a MINERAL
PIGMENT SOLUTIONS, INC., Individually and
as Anticipated Personal Representative of WHITTAKER,
CLARK & DANIELS, INC.; SPECIALTY MINERALS, INC.,
Individually and as a Subsidiary of MINERALS
TECHNOLOGIES, INC.; and WHITTAKER,
CLARK & DANIELS, INC.**                    **DEFENDANTS**

**OPINION AND ORDER**

On October 26, 2020, following a hearing in which all parties participated, the Court entered an order (Doc. 54) granting motions to dismiss portions of the original complaint. The Court determined that Plaintiffs' causes of action for willful and wanton conduct, punitive damages, and fraud should be dismissed without prejudice, and Plaintiffs were directed to file an amended complaint that conformed to the Court's rulings and substituted William Burnett, Sr., as Personal Representative of the Estate of Sarah Burnett.

Plaintiffs filed their Amended Complaint (Doc. 67) on December 2, 2020, but failed to omit the cause of action for punitive damages (Count Thirteen) in direct contravention

1

of the Court's earlier order.  Count Thirteen is improper and must be deleted from the Amended Complaint.  As the Court explained very clearly in its prior order, no separate cause of action is available under Arkansas law for punitive damages.  This is merely a remedy.  **Plaintiffs are therefore directed to file a second amended complaint that does not contain a separate cause of action for punitive damages (Count Thirteen).** Defendants' Motions for Partial Dismissal (Docs. 69 & 73) will be granted as to this claim. Quite obviously, the Court's ruling here does not preclude Plaintiffs from seeking a punitive damages instruction at trial.

The Amended Complaint also included a claim for fraud—split this time into two separate causes of action (Counts Eleven and Twelve) filed against separate named Defendants.  The Court previously held that Plaintiffs' cause of action for fraud merited dismissal because it failed to plead sufficient facts to meet the heightened pleading requirements of Rule 9.  *See* Doc. 54, pp. 5–6.  Though the Plaintiffs have tweaked their fraud claim to some extent, their amendments have not adequately addressed the Court's concerns, and the added facts still do not state a claim for fraud against the Defendants that meets Rule 9's standards.  The facts underlying the fraud claims are still nonspecific, vague, and conclusory.  The facts asserted do not demonstrate "who, what, when, where, and how" the fraud was allegedly committed.  It is, of course, quite possible that Plaintiffs will discover the facts they need to adequately plead fraud through the course of discovery in this case. If such facts become known to Plaintiffs, they may move for leave to amend.[1] However, the fraud counts as currently pleaded merit dismissal without prejudice for the

---

[1] The current deadline for seeking leave to amend pleadings is February 26, 2021.  (Doc. 56, p. 2).

same reasons the Court stated in its prior order (Doc. 54).  **Accordingly, Plaintiffs are directed to file an amended complaint that does not include Counts Eleven and Twelve for fraud**, and Defendants' Motions for Partial Dismissal will also be granted as to this claim.

Lastly, Defendants argue that the only plaintiff with standing to sue in this case is the Estate of Sarah Burnett, as represented by William Burnett, Sr.  Defendants contend that William Burnett, Sr. (the decedent's spouse), and William Burnett, Jr. and Tammie Debo (the decedent's children), have no standing to sue in their individual capacities because their interests are already represented by the Estate—since all three are beneficiaries.  The issue of whether the decedent's spouse and children, in their individual capacities, are proper plaintiffs in this matter was raised by the Court, *sua sponte*, during the case management hearing on October 26, 2020.  *See* Doc. 63, pp. 26–27.  Plaintiffs informed the Court at the time that they would research the issue and consider it when filing their amended pleading.  It appears from the Amended Complaint that was filed that the Plaintiffs continue to believe that the Estate and the Estate's individual beneficiaries may all sue for wrongful death in this action.  Defendants disagree and ask the Court to dismiss the individual Plaintiffs from the lawsuit.

The Court has reviewed the lengthy Amended Complaint and cannot identify any claim made on behalf of the decedent's spouse and children, individually, that is separate from the claims made by and on behalf of the decedent's Estate.  Further, the law is clear that wrongful-death claims in Arkansas must be brought by and in the name of the personal representative of the deceased person.  Ark. Code Ann. § 16-62-102(b) states: "Every action shall be brought by and in the name of the personal representative of the

3

deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." Here, there is a personal representative who has been appointed on behalf of the Estate of Sarah Burnett; therefore, the individual claims of the heirs of the deceased are adequately represented by the Estate.  *See also Davenport v. Lee*, 348 Ark. 148, 159 (2002) ("[A]n individual may not file suit where a personal representative has been appointed.").

The Court finds that the individual claims of William Burnett, Sr., William Burnett, Jr., and Tammie Debo are redundant to the claims of the Estate, of which they are all beneficiaries.  **Plaintiffs are directed to file an amended complaint that does not include William Burnett, Sr., William Burnett, Jr., or Tammie Debo in their individual capacities.**

**IT IS THEREFORE ORDERED** that the Defendants' Motions for Partial Dismissal (Docs. 69 & 73) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs file a second amended complaint within **ten days** of the file date of this Order. This second amended complaint must **omit** Counts Eleven and Twelve for fraud and Count Thirteen for punitive damages, as well as **delete** individual Plaintiffs William Burnett, Sr., William Burnett, Jr., and Tammie Debo from the style and body of the pleading.

**IT IS SO ORDERED** on this 22nd day of December, 2020.


                         ___*/s/ Timothy L. Brooks*_____
                         TIMOTHY L. BROOKS
                         UNITED STATES DISTRICT JUDGE