**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**WILLIAM BURNETT,**
**as Special Administrator of the**
**Estate of Sarah Burnett, Deceased**                                 **PLAINTIFF**

**V.**                              **CASE NO. 3:20-CV-3046**

**AMERICAN INTERNATIONAL INDUSTRIES,**
**Individually and as Successor to PINAUD, INC.,**
**BARBARA ALICE, INC., ED. PINAUD, INC. d/b/a ED.**
**PINAUD, and NESTLE-LE MUR COMPANY, all for**
**the CLUBMAN line of products; BARRETTS MINERALS,**
**INC.; BRENNTAG SPECIALTIES, INC. f/k/a MINERAL**
**PIGMENT SOLUTIONS, INC., Individually and**
**as Anticipated Personal Representative of WHITTAKER,**
**CLARK & DANIELS, INC.; SPECIALTY MINERALS, INC.,**
**Individually and as a Subsidiary of MINERALS**
**TECHNOLOGIES, INC.; and WHITTAKER,**
**CLARK & DANIELS, INC.**                                 **DEFENDANTS**

## ORDER

On this date, the Court held a status hearing to resolve a discovery dispute. Prior to the hearing, the parties submitted a joint letter describing the nature of the dispute and the parties' respective positions, which the Court marked as Exhibit 2 to the status hearing record. For the reasons set forth from the bench during the hearing, the Court hereby makes the following orders:

(1) Plaintiff is **ORDERED** to promptly execute an authorization that would allow Cox Medical Center to provide a reasonable quantity of newly cut tissue slides to Defendants' designated pathology expert for review.[1] Afterwards, Defendants' expert

---

[1] Plaintiff should include in the authorization any language that is required by Cox Medical Center to be effective. To that end, Plaintiff is instructed to communicate with Cox Medical Center before preparing the authorization.

must forward the slides to Plaintiff's designated pathology expert for review. Plaintiff is **FURTHER ORDERED** to authorize Cox Medical Center to communicate with Defendants' designated expert regarding the size and other characteristics of the decedent's tissue block and the minimum amount of such tissue that Cox Medical Center may be required to retain for its records and not release for outside examination or testing. The parties shall promptly notify the Court of any resistance by Cox Medical Center to comply with Plaintiff's written authorizations.

(2) Pursuant to Rule 16(f) and the Court's inherent authority to enforce its lawful orders, Plaintiff is **SANCTIONED** for the discovery abuses explained on the record. As a remedy, Plaintiff is **ORDERED**, at his own expense, to produce his expert for a deposition and pay for the associated court reporter fees. The deposition shall take place within two weeks (if Defendants choose to conduct the deposition by videoconference) or within thirty days (if in person). The purposes of the deposition were explained from the bench during the hearing. If, based on the deposition, Defendants believe they have been prejudiced by the alteration, depletion, or destruction of any samples of talcum powder in Plaintiff's expert's possession, Defendants may return to the Court for further relief.

(3) It is **ORDERED** that there be no further handling, testing, or inspection of the talcum powder containers belonging to the decedent until such time as the parties have entered into an agreed protocol for such handling, testing, or inspection.[2] To the extent necessary, Defendants will be entitled to a reasonable additional quantity of the talcum

---

[2] The specifics of the protocol should be agreed upon in writing not later than 10 days following the deposition of Plaintiff's expert.

powder from each container, with that sampling to be conducted pursuant to the agreed protocol.

        **IT IS SO ORDERED** on this 22nd day of June, 2021.

                                 _____

                                  TIMOTHY L. BROOKS
                                  UNITED STATES DISTRICT JUDGE