IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM BURNETT, SR.,
as Special Administrator of the
Estate of Sarah Burnett, Deceased                                              PLAINTIFF

V.                                        CASE NO. 3:20-CV-3046

AMERICAN INTERNATIONAL INDUSTRIES,
Individually and as Successor to PINAUD, INC.,
BARBARA ALICE, INC., ED. PINAUD, INC. d/b/a ED.
PINAUD, and NESTLE-LE MUR COMPANY, all for
the CLUBMAN line of products; BARRETTS MINERALS,
INC.; BRENNTAG SPECIALTIES, INC. f/k/a MINERAL
PIGMENT SOLUTIONS, INC., Individually and
as Anticipated Personal Representative of WHITTAKER,
CLARK & DANIELS, INC.; SPECIALTY MINERALS, INC.,
Individually and as a Subsidiary of MINERALS
TECHNOLOGIES, INC.; and WHITTAKER,
CLARK & DANIELS, INC.                                                          DEFENDANTS

## ORDER

On January 21, 2022, the Court held a hearing on several discovery-related motions. After the parties presented oral argument and witness testimony, the Court announced its rulings from the bench. The following Order sets forth those rulings in writing and incorporates by reference the Court's reasoning from the bench.

    **I.    Defendants' Motions to Compel and for Discovery Sanctions (Docs. 108 & 109)**

These Motions were filed on September 13 and 17, 2021, respectively. The Court held an initial hearing on the Motions on November 10 and, following that, entered an order (Doc. 139) directing the parties, and, in particular, Plaintiff, to accomplish certain tasks by particular dates. Plaintiff appears to have complied with the order.

1

At the most recent motion hearing on January 21, the Court appointed United States Magistrate Judge Christy Comstock to assist the parties with any lingering discovery disputes and any future disputes that may arise before trial. The Court believes the disputes set forth in the Motions to Compel and for Discovery Sanctions (Docs. 108 & 109) are now **MOOT**. If Defendants disagree, they may take up these or any other discovery matters with Magistrate Judge Comstock.

II.     **Plaintiffs' Motion for Leave to Amend Rule 26 Expert Disclosures (Doc. 116)**

These Motions concern Plaintiff's late disclosure of expert witnesses Drs. Emory and Moline. For the reasons stated from the bench at the January 21 hearing, the Motion (Doc. 116) is **GRANTED IN PART** as to the late disclosure of Dr. Emory and **DENIED IN PART** as to the late disclosure of Dr. Moline.

Plaintiff failed to demonstrate good cause for extending the expert disclosure deadline of August 20, 2021, as to Dr. Moline. Federal Rule of Civil Procedure 26(a)(2)(D) provides that "[a] party must make these [expert] disclosures at the times and in the sequence that the court orders." Originally, the expert disclosure deadline, as set forth in the case management order (Doc. 55), was August 6, 2021. The Court extended this deadline to August 20 in a separate order. (Doc. 102).

Plaintiff first disclosed Dr. Moline as an expert witness on September 30, 2021, more than a month after the deadline. This disclosure appeared in Plaintiff's Brief in Support of his Motion for Leave to Amend (Doc. 117). Under Rule 16(b)(4), a deadline in a court's scheduling order may only be modified after a showing of good cause. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA*

*Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).  As the Court explained during the January 21 hearing, Plaintiff's counsel, Holly Peterson, made a misrepresentation about the timing of Dr. Moline's retention as an expert—first, in writing, in the brief she filed (Doc. 117)—and then in open Court during the hearing on November 10.  Ms. Peterson claimed that Dr. Moline had been retained, either formally or informally, by the August 20 deadline, and Dr. Moline's failure to complete her expert report by the deadline was due to "inadvertence" and a calendaring error.  The Court therefore ordered Ms. Peterson to produce documentation and/or communications to prove that Dr. Moline was provided case-specific evidence and instructions on her scope of work *before* August 20.  *See* Doc. 139.  Suffice it to say, Ms. Peterson failed to complete the task.  Because Plaintiff did not satisfy the good-cause standard under Rule 16, the Court will not extend the expert disclosure deadline as to Dr. Moline, and she will not be permitted to testify at trial.  In addition, the Court believes that Ms. Peterson's conduct is sanctionable.

Rule 11(c) authorizes the Court, in its discretion, to impose sanctions on attorneys, law firms, or parties who file pleadings containing factual contentions that lack evidentiary support and that are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  *See Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see also* Fed. R. Civ. P. 11(b)(3).  Ms. Peterson's Brief in Support of Plaintiff's Motion for Leave to Amend (Doc. 117) contained representations that were either intentionally false or grossly misleading.  The Court gave Ms. Peterson an opportunity to retract her misrepresentation regarding Dr. Moline at the November 10 hearing, but Ms. Peterson chose instead to double down on her initial claims.  Accordingly, Ms. Peterson

3

is **ORDERED** to pay Defendant American International Industries's ("AII") attorney's fees associated with preparing its Opposition to Plaintiff's Motion for Leave to Amend (Doc. 127). Defense attorney Robert Thackston is **DIRECTED** to submit a fee petition to the Court that sets forth in detail his time and expenses in preparing AII's Opposition. Ms. Peterson may file a response to the fee petition if she so chooses. Once these matters have been submitted to the Court, it will order Ms. Peterson to pay an equitable amount of fees to AII as a sanction under Rule 11(c).

In addition, the Court **ORDERS** Ms. Peterson to show cause as to why she should not be required to pay an additional monetary sanction of $1,000 for her conduct. She has **ten days** from the file date of this Order to submit a response.

Further, the Court hereby places local Arkansas counsel Heather Zachary and Brian Reddick **ON NOTICE** that they should be reviewing the filings of Plaintiff's pro hac vice counsel (who, currently, is only Ms. Peterson). If any additional misrepresentations are made to this Court by pro hac vice counsel, local counsel may be held to account as well.

### III.    Defendants' Motions to Strike Errata Sheets (Docs. 118 & 119)

For the reasons stated from the bench at the January 21 hearing, Defendants' Motions to Strike Errata Sheets (Docs. 118 & 119) are **GRANTED IN PART AND DENIED IN PART**.

Federal Rule of Civil Procedure 30(e) permits a deponent to review a deposition transcript and make changes in form or substance and sign a statement listing any changes and the reasons for those changes. William Burnett, Sr., William Burnett, Jr., and Tammie Debo were deposed in this case. All three reviewed their deposition

transcripts and executed errata sheets noting both substantive and non-substantive changes to their testimony.  The Court observed during the January 21 hearing that all three witnesses testified in their depositions that certain talcum powder lids they observed had "twist-tops" and not "flip-tops," and that their testimony on this particular topic was uniformly clear and unequivocal.  However, when the witnesses later executed their errata sheets, they changed their testimony from "twist-top" to "flip-top," which the Court viewed as "a 180-degree opposite answer."  (Doc. 149, p. 55).  In their errata sheets, all three deponents stated that the reason for this change was "clarification."

The three witnesses appeared at the January 21 hearing via videoconference and explained to the Court why they changed this testimony on their errata sheets.  After hearing their explanations, the Court found that "clarification" was not an accurate reason for the changes.  Accordingly, for the reasons more fully stated from the bench, the deponents' handwritten *reason* for changing their substantive testimony is **STRICKEN** from all three errata sheets.  The Court will reserve for another day the question of how these circumstances will be presented to the jury if impeachment is pursued at trial.

**IV.     Plaintiff's Motion to Supplement Motion to Strike Errata Sheets (Doc. 121)**

Though the title of this Motion would suggest it is a request for leave to file a supplement, the Motion itself already contains the supplemental materials.  The Motion is four pages long; the brief in support is another eight pages long; and the exhibits to the Motion total fifty-two pages.

Plaintiff failed to seek leave of Court before filing these supplementary materials.  Moreover, the materials are not pertinent to this case.  The Motion (Doc. 121) is therefore **STRICKEN**.

**IT IS SO ORDERED** on this 27th day of January, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE