IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM BURNETT, SR.,
as Special Administrator of the
Estate of Sarah Burnett, Deceased                                          PLAINTIFF

V.                                CASE NO. 3:20-CV-3046

AMERICAN INTERNATIONAL INDUSTRIES,
Individually and as Successor to PINAUD, INC.,
BARBARA ALICE, INC., ED. PINAUD, INC. d/b/a ED.
PINAUD, and NESTLE-LE MUR COMPANY, all for
the CLUBMAN line of products; BARRETTS MINERALS,
INC.; BRENNTAG SPECIALTIES, INC., f/k/a MINERAL
PIGMENT SOLUTIONS, INC., Individually and
as Anticipated Personal Representative of WHITTAKER,
CLARK & DANIELS, INC.; SPECIALTY MINERALS, INC.,
Individually and as a Subsidiary of MINERALS
TECHNOLOGIES, INC.; and WHITTAKER,
CLARK & DANIELS, INC.                                                    DEFENDANTS

## ORDER

On January 27, 2022, the Court issued an order (Doc. 150) sanctioning Plaintiff's attorney, Holly Peterson, under Rule 11 because of her misrepresentations regarding the timing of Dr. Moline's retention as an expert in this matter. The Court ordered Ms. Peterson to pay Defendant American International Industries' ("AII") attorney's fees associated with preparing its Opposition to Plaintiff's Motion for Leave to Amend (Doc. 127). Accordingly, the Court directed AII to file a fee petition outlining the time and expenses incurred in preparing the Opposition. In addition to the payment of attorney's fees, the Court directed Ms. Peterson to show cause as to why she should not pay an additional $1,000 sanction for her conduct.

Ms. Peterson does not dispute the reasonableness of AII's request for fees. After reviewing the relevant factors, the Court finds the amount sought is reasonable and

1

**GRANTS** the Petition for Attorney's Fees (Doc. 157).[1] **IT IS ORDERED** that Ms. Peterson, jointly and severally with her law firm, pay **$4,216.10** in attorney's fees to All within 30 days of the file date of this Order.

Regarding the additional $1,000 sanction contemplated in the order to show cause, Rule 11(c) authorizes the Court, in its discretion, to impose sanctions on an attorney who presents a pleading that contains factual contentions lacking in evidentiary support, particularly when the attorney continues to advocate for the pleading after the opportunity for further investigation or discovery. *See Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see also* Fed. R. Civ. P. 11(b)(3). "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Jones v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)).

Ms. Peterson attempts to distinguish her behavior from other cases in which attorneys were similarly sanctioned, and, in doing so, mischaracterizes the reason for the Court's sanction. As the Court previously noted, Ms. Peterson misrepresented the timing of Dr. Moline's retention as a case-specific expert witness on two separate occasions: first, in a brief she filed on September 30, 2021, (Doc. 117), and again during an in-person hearing on November 10, 2021. Her misrepresentations and failure to retract them when

---

[1] The factors considered in determining the reasonableness of attorney's fees are: the amount of time invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in the area for similar legal services. *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990); *All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009).

given the chance "manifest[] either intentional or reckless disregard of the attorney's duties to the court." *Perkins*, 911 F.2d at 36.

Ms. Peterson protests that the additional sanction is unfair because it is not targeted to her particular conduct but is instead a punishment for "a pattern or series of misrepresentations by others who preceded her." (Doc. 154, p. 7). Ms. Peterson is correct that other members of her law firm have been sanctioned in this case—albeit non-monetarily—for committing discovery abuses. *See, e.g.*, Doc. 94, p. 2. Those attorneys have now withdrawn from the case, leaving Ms. Peterson as the only attorney of record from her law firm. To be clear, the $1,000 sanction at issue here is intended to address Ms. Peterson's sole conduct and deter her from committing similar conduct in the future. Nevertheless, the Court rejects Ms. Peterson's whack-a-mole argument, because Rule 11(c) provides that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." The Court finds no exceptional circumstances exist, so Ms. Peterson's law firm will be held jointly responsible for paying the sanction.

**IT IS THEREFORE FURTHER ORDERED** that Ms. Peterson and her law firm, jointly and severally, pay an additional sanction in the amount of **$1,000** to the Clerk of the Court within 30 days of the file date of this Order.

**IT IS SO ORDERED** on this 30th day of March, 2022.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE